IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| OLIVER J. ANDERSON § | | CASE NO: 05-95207 |
| Debtor(s) § | | |
| § | | CHAPTER 13 |
| | | |
| IN RE: § | | |
| CARLA JEAN DEBLAW § | | CASE NO: 06-30779 |
| Debtor(s) § | | |
| § | | CHAPTER  13 |

**MEMORANDUM OPINION AND ORDER IMPOSING SANCTIONS ON DEBTORS'
COUNSEL AND DENYING ATTORNEY'S FEES FOR VIOLATION OF
<u>LOCAL BANKRUPTCY RULE 3015</u>**

For the reasons stated below, the Court imposes sanctions pursuant to Fed. R. Bankr. P. 9011(b)(1) and 9011(b)(2) on Debtors' Counsel in the above-title cases.

**Purpose of the Uniform Plan**

Bankruptcy Local Rule ("BLR") 3015 became effective on October 17, 2005.  The rule states, in relevant part:

(a) **Uniform Plan and Motion for Valuation of Collateral**.  From time-to-time, the Bankruptcy Court will promulgate a uniform form of "Chapter 13 Plan and Motion for Valuation of Collateral" and a uniform "Chapter 13 Plan Summary."

(1) The motion for valuation for the collateral will be incorporated into the title and the substance of any proposed plan.

(2) Except as set forth in the following sentence, use of the form of plan and plan summary are mandatory.  Any debtor wishing to use a plan and plan summary that vary form the uniform plan summary must fila a motion along with the petition seeking leave from this requirement.  The court will conduct a hearing on the motion at the next chapter 13 panel.  Absent exceptional circumstances related to the particular chapter 13 case, leave will not be granted.

BLR 3015.

1

When a chapter 13 plan is filed, it is filed along with a summary of the plan. Pursuant to Fed. R. Bankr. P. 3015(d), only the summary of the plan must be distributed to creditors and parties-in-interest. In the Southern District of Texas, the Court, creditors, and other parties may rely on the summary as being a summary of the Uniform Plan, unless an order has been issued that allows for variance from the Uniform Plan. One purpose of the Uniform Plan is to increase efficiency of the chapter 13 plan confirmation process by saving interested parties time and effort. Although the entire plan and summary were distributed in these cases, that distribution misses the point. Recipients were not required to scour the plan to look for variations; they were entitled to rely on the plan summary.

Changes to the Uniform Plan are not an appropriate means of notice to interested parties that the proposed plan varies from the Uniform Plan. If that were the case, every creditor would be required to review every sentence of every plan. To avoid such confusion, the local rules provide that "[a]ny debtor wishing to use a plan … that var[ies] from the uniform plan … must file a motion along with the petition seeking leave from [the use of the uniform plan]. The court will conduct a hearing on the motion at the next chapter 13 panel." BLR 3015(a)(2).

Debtor's Counsel in the present cases maintains that he believed the Uniform Plan exists to streamline the form of chapter 13 plans and not the substance of chapter 13 plans. The Court finds this proposition implausible. The Uniform Plan is not a skeleton plan. The Uniform Plan contains textual paragraphs that mandate specific treatment of payments, claims, creditors, executory contracts, and assets. The fact that parties may rely on the plan summary in lieu of full examination of the plan itself further belies the suggestion that the Uniform Plan exists purely to mandate form. The plan summary in the present cases contained no reference to counsel's changes to the Uniform Plan. To substantively change a plan that is uniform by definition makes

reliance on a uniform plan summary misleading and even irresponsible. Counsel cannot have believed such a situation was allowable under the local rules.

In response to this, Counsel states that he believes "all parties were made aware of the additional substance in the plans filed in the cases at Bar, and that the Trustees, attorneys and creditors familiar with counsel's practice would not be surprised by the additional substance in the present plans." (Debtor's Response to Order to Show Cause, ¶ 4). However, this is clearly incorrect, as evidenced by the conduct of the Trustee in the Anderson case. The Trustee, unaware of the Debtor's deviations from the Uniform Plan, recommended plan confirmation. Only after the Court issued its show cause order with regards to deviations from the Uniform Plan, was the Trustee made aware of Counsel's practice. Consequently, the Trustee revoked his recommendation and filed a motion for dismissal. These events exemplify the confusion and wasted effort that the Uniform Plan, in substance and form, is meant to avoid.

### Violation of Local Rule 3015

Counsel added four "Special Provisions" to the Uniform Plan in violation of BLR 3015. The provisions, found at the end of each plan, are as follows:

12.   Additional Provisions

Internal Revenue Service
The Chapter 13 Plan will provide for any tax liability due to the IRS prior to the filing of the case through the Chapter 13 Plan

Surrender of secured collateral
Failure by a secured creditor to notify the Chapter 13 Trustee in writing of any objection to receiving the collateral in full satisfaction of its secured claim during the pendancy [sic] of the Plan, and the reasons for such objection shall be considered by the Trustee an affirmative asquiescence [sic] to accepting the collateral in full satisfaction of its secured claim.

Administrative Fees for Debtor's Counsel
Following confirmation of the Chapter 13 Plan, the Chapter 13 Trustee shall hold funds in trust for the administrative priority claim for David W. Barry, Counsel

3

for the Debtor, equal to the amount in the Chapter 13 Plan and shall not distribute those funds to any other party in this case, unless otherwise directed by Order of the Court.  The Chapter 13 Trustee shall make disbursements first as allowed under 11 U.S.C. § 330 and/or as allowed under any subsequent Order approving payment of adminstrative [sic] fees to Debtor's Counsel.

Creditor's legal fees
Any creditor's pre-petition legal fees or costs which is greater than the amount provided for under the plan shall be deemed unapproved, uncollectable [sic], and shall be treated as a general unsecured claim to be discharged upon the completion of the Chapter 13 Plan.

A review of these provisions reflects that they have the potential to dramatically affect the implementation of a chapter 13 plan.  Counsel represents that the first provision, dealing with the Internal Revenue Service, "is designed … to give notice to the Internal Revenue Service that it cannot attempt to collect taxes after completion of the case unless the debtor's liability is established prior to the deadline for filing governmental claims; taxes not claimed, not dealt with under the Plan, will be discharged." (Debtor's Response to Order to Show Cause, ¶ 6).   The plan either properly provides for treatment of the Internal Revenue Service or it does not.  A statement that the plan "will provide" for any tax liability is a non-sequitor.  The plan either *does provide* or it does not provide for tax liability to the IRS.  If the addition means that taxes are discharged upon the completion of the case, that language is inappropriate in the plan.  The Bankruptcy Code provides for the extent of the discharge and the language proposed in these plans may not alter the discharge provisions in the Bankruptcy Code.

The second provision, dealing with surrender of secured collateral, conflicts with paragraphs 4, 5 and 10 of the Uniform Plan.  Paragraphs 4 and 5 of the Uniform Plan provide for payment to secured creditors.  Paragraph 4 states, in relevant part:

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' residence … and other claims treated under § 1322(b)(5) will be paid in accordance with the pre-petition contract held by the holder of the secured claim….

4

Paragraph 5 states, in relevant part:

> The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the debtor(s) and the holder of the secured claim….

Paragraph 10 of the Uniform Plan allows for collateral to be returned to a secured creditor by agreed order:

> The Debtor may abandon collateral to a secured creditor by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for abandonment of collateral and termination of the automatic stay. The motion will be submitted on 15 days notice.

The second provision added by Counsel provides that a debtor may elect to surrender collateral and cease making the payments required under paragraphs 4 and 5. Furthermore, under this "Special Provision," surrender of the collateral would be deemed to satisfy the secured creditor's claim in full, absent notice of an objection to the trustee. This provision appears to vest the chapter 13 trustee with the power to determine whether a secured creditor will be entitled to a deficiency claim. However, notification to the chapter 13 trustee is a non-event with respect to payment obligations under the plan. Only the Court may modify payment obligations. By divesting the secured creditor of rights granted under paragraphs 4, 5 and 10 of the Uniform Plan, Counsel undermines the rights of the secured creditor as granted under the Uniform Plan and the Bankruptcy Code.

The third change to the Uniform Plan addresses administrative fees for debtor's counsel. This addition directly contradicts the balance of the Uniform Plan and the requirements of the Bankruptcy Code. Under this provision, the chapter 13 trustee is required to reserve amounts for attorney's fees as set forth in the plan. However, BLR 3021(e) contains the following provision: "No reserve shall be established for the payment of lodestar attorneys' fees that are not yet

5

allowed except for applications for payment filed at least 20 days before the confirmation hearing." The added provision also contradicts § 1326(b) of the Code (requiring payments be applied to unpaid claims under § 507(a)(2)) and paragraph 2 of the Uniform Plan (requiring payments be made in accordance with § 507). Section 330 attorneys' fees may be included in § 507, but they are not the only such claims so included. For example, section 507(b) subordinates attorney's fees payments to certain adequate protection rights by secured creditors.

It is a clear mandate that any plan proposed for confirmation "has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). In the present cases "counsel admits that the [third] provision does appear to contradict the local rule." (Debtor's Response to Order to Show Cause, ¶ 8). As explained above, it also contradicts the Code. Counsel avers that this error is his alone, and not the Clients', and consequently, the Court does not hold the Clients responsible.

Finally, the fourth change, relating to creditor's fees, is also inconsistent with the Code and Uniform Plan. Proofs of claim, filed in accordance with the law have *prima facie* validity. *See Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000); FED. R. BANKR. P. 3001(f). If a secured creditor overstates its entitlement to attorney's fees, the objection may not be hidden in a plan provision. Rather, claims are allowed or disallowed based on the claims objection process set forth in the Code and Bankruptcy Rules. The claims allowance process is designed to protect the due process rights of creditors by giving them notice of an objection to claim. Secured creditor's claims may not be objected to as part of the plan confirmation process. *In re Howard*, 972 F.2d 639, 641 (5th Cir. 1992).

Counsel's position that there of the four provisions are not substantive is simply not true.

**Appropriate Sanctions**

Fed. R. Bankr. P. 9011(c) gives this Court the power to sanction attorneys for violating Fed. R. Bankr. P. 9011(b)(1) and (b)(2). This Court also has inherent authority to regulate the practice of litigants and lawyers appearing before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

In determining appropriate sanctions, the Court should limit the sanction to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. FED. R. BANKR. P. 9011(c). *In re Porcheddu,* 338 B.R. 729 (Bankr. S.D. Tex. 2006).

The Court finds that a denial of attorney's fees and a sanction of $500.00 in both bankruptcy cases is sufficient to deter similar conduct by other attorneys. The violations discussed above are serious, in that they threaten the due process rights of creditors, violate the Bankruptcy Code and local rules, and hinder the Southern District's efforts to operate efficiently and effectively.

Accordingly, in case number 05-95207, *In re Anderson*, the Order Regarding Fees (docket no. 52) is hereby vacated. In that case and case number 06-30779, *In re Deblaw,* the sum of $500.00 ($500.00 in each case, for a total of $1,000.00) is hereby ordered to be deposited by Debtor's Counsel into the court's registry within 15 days of this order.

No fees shall be sought by counsel for any work performed in these cases on or before confirmation of the proposed plans. To the extent that any attorneys fees or expenses have previously been paid by the chapter 13 trustee or by the debtors (whether paid pre-petition or post-petition), those fees shall be paid to the chapter 13 trustee. Counsel may only retain any amounts that he has received as a reimbursement of the filing fees in these cases.

Signed, May 5, 2006, at Houston, Texas.

MARVIN ISGUR
United States Bankruptcy Judge

8